**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **WILLIE RAY BINDER,** § | |
| **PETITIONER,** § | |
| § | |
| **V.** § | |
| § | **Civil Action No. 4:05-CV-0602-Y** |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| **RESPONDENT.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Willie Ray Binder, TDCJ-CID #1069372, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Telford Unit in New Boston, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID)

#### C. FACTUAL AND PROCEDURAL HISTORY

On October 10, 2001, a jury found Binder guilty of attempted murder and assessed his punishment at life imprisonment. (State Habeas R. at 170.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 13, 2003. *Binder v. Texas*, No. 2-01-447-CR, slip op. (Tex. App.–Fort Worth Feb. 13, 2003). Binder did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.) Binder filed a state application for writ of habeas corpus challenging his conviction and/or sentence on February 17, 2004[1], which was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals on February 16, 2005. *Ex parte Binder*, Application No. 61,223-01, at cover. Binder filed this petition on September 2, 2005.

D. ISSUES

In six grounds, Binder complains of insufficiency of the evidence, prosecutorial misconduct, improper jury argument, coercion by law enforcement to obtain his statement, and ineffective assistance of trial and appellate counsel. (Petition at 7-8 and Supplement.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] Binder contends he filed his state habeas application on February 14, 2004, the date he signed the application and presumably put the application into the prison mailing system. (State Habeas R. at 10.) However, the federal mailbox rule does not apply to the filing date of a state habeas application. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

2

>    such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Binder's conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on March 17, 2003,[2] and closed on March 17, 2004, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Binder's state habeas application tolled the limitations period for 365 days under the statutory tolling provision, making his federal petition due on or before March 17, 2005. *See* 28 U.S.C. 2244(d)(2). Thus, his federal petition filed on September 2, 2005, is untimely unless additional tolling as a matter of equity is appropriate.

---

[2] The thirty-day period within which Binder had to file a petition for discretionary period ended on March 15, 2003, however, that date was a Saturday.

3

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Binder's arguments in favor of equitable tolling are unpersuasive. There is no allegation in this case that Binder was actively misled about the filing of his federal habeas petition. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). Therefore, Binder must point to some extraordinary circumstances that prevented him from complying with the federal limitations period. Binder asserts that the limitations period should be tolled because his attorney and the state courts failed to notify him of the denials of his direct appeal and subsequent state habeas application. He asserts that he found out about the state court rulings, months after the fact, when he sent letters to the courts inquiring about the status of his appeal and state habeas application. (Pet'r Answer to Resp. Dretke's Preliminary Resp. at 1-3 & Exhibits A, B.)

Although a delay in receiving notification of state court rulings can qualify for equitable tolling, based on the evidence presented, this case does not justify application of the doctrine. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). There is no evidence that Binder could not have

4

contacted his attorney or the state courts earlier in order to learn the status of his direct appeal and his state habeas application. In other words, Lewis was not prevented in some extraordinary way from asserting his rights. *See Lewis v. Cockrell*, 33 Fed. Appx.704, 2002 WL 432658, at *3 (5th Cir. 2002) (not selected for publication in the Federal Reporter), *cert. denied*, 538 U.S. 1038 (2003). Additionally, Dretke has provided evidence refuting Binder's allegation that the Court of Criminal Appeals failed to notify him of its denial of his state habeas application. The prison's mail log reflects that the Court of Criminal Appeals sent Binder an article of mail, presumably notice of its denial by postcard, the official notice of the court, which was received by the prison mail system on February 18, 2005, two days after the court's ruling, and delivered to Binder on February 22, 2005. (Resp't Preliminary Resp., Appendix A.) Furthermore, it was Binder's obligation to keep himself informed of the status of his state habeas proceeding. Finally, Binder waited almost a year before filing his state habeas application and had only 30 days remaining before the federal limitations period expired. This presented another reason for Binder to keep himself informed of the status of the state court proceedings. His delay in filing his state application mitigates against equitable tolling. *See Nelms v. Johnson*, 51 Fed. Appx. 482, 2002 WL 31319277, at *1 (5th Cir. 2002) (not reported in the Federal Reporter). Binder's petition cannot be salvaged by equitable tolling under the circumstances.

Binder's federal petition for habeas relief was due on or before March 17, 2005. His petition, filed on September 2, 2005, is untimely.

## II. RECOMMENDATION

Binder's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

5

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 12, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 12, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 22, 2005.

                 /s/ Charles Bleil
                CHARLES BLEIL
                UNITED STATES MAGISTRATE JUDGE