```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                           FORT WORTH DIVISION
```

| | | |
|---|---|---|
| WILLIE RAY BINDER,          | § | |
|     Petitioner,         | § | |
|                             | § | |
| VS.                         | § | CIVIL ACTION NO.4:05-CV-602-Y |
|                             | § | |
| DOUGLAS DRETKE, Director,   | § | |
| T.D.C.J., Correctional      | § | |
| Institutions Division,      | § | |
|     Respondent.         | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Willie Ray Binder under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 22, 2005; and

3. The petitioner's written objections, with exhibits, to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 13, 2006.

The Court, after <u>de novo</u> review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, Binder again contends that he is entitled to equitable tolling of the limitations period because he did not timely receive notice of the

disposition of his direct appeal and of the state application for writ of habeas corpus.  The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[1]  The burden is on the petitioner--here, Binder--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3]  Furthermore, in order to invoke equitable relief, a petitioner must show that he pursued collateral relief with diligence.[4]

The Court notes first that Binder's arguments and exhibits in the written objections regarding the alleged deficient actions of his appellate lawyer prior to the resolution of the direct appeal, have no bearing on the timeliness of this proceeding, as the applicable limitation period did not commence until the appeal was resolved. As to his claim that his lawyer failed to timely notify

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[4] *See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . ."), *citing Patterson,* 211 F.3d at 930.

2

him of the disposition of the appeal, such failure does not constitute a basis for equitable tolling.[5]

With regard to the issue of Binder's diligence after the resolution of the direct appeal, notwithstanding his appellate lawyer's failure to notify him, the Court notes that Binder's claims about his awareness of the disposition of the direct appeal are inconsistent with the record. Binder contends that he was not informed of the February 13, 2003, opinion and judgment of the Texas Court of Appeals, Second District, until mid-May, 2003. (September 19, 2005, Mot. For Leave Requesting Equitable Tolling at 2; Dec. 14, 2005, "Answer" to Dretke's Response at 2.) The state court records show, however, that Binder filed in the court of appeals on April 23, 2003, a "motion to stay execution of mandate" prepared on April 18, 2003, and an April 28, 2003, "motion to recall judgment and grant new appeal" prepared on April 24, 2003. These documents reveal that Binder knew by mid-April 2003 that the court of appeals had issued its opinion. Yet, he waited almost ten months, until February 17, 2004, to file an application for writ of habeas corpus in state court.[6] Such delay militates against any

---

[5] *See Moore v. Cockrell,* 313 F.3d 880, 881-82 (5th Cir. 2002), *cert. den'd,* 538 U.S. 969 (2003); *see generally United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), cert. den'd, 529 U.S. 952 (2003)("[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* erased it: `[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified'") quoting *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002), *cert. den'd,* 539 U.S. 918 (2003).

[6] Binder is not entitled to the benefit of the mailbox rule for deter-mining the filing dates of his state habeas corpus application. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).

consideration of equitable tolling.[7]

Binder also claims that he was not notified of the disposition of his state writ application by the Texas Court of Criminal Appeals (TXCCA). The state application was denied by the TXCCA on February 16, 2005. *Ex parte Binder,* No.61,223-01 at cover. In considering this claim, the magistrate noted that Respondent had provided a copy of a mail log from the institution of Binder's confinement for the relevant time period, which indicated that Binder was served with a mailing from the TXCCA on February 22, 2005. In his written objections, Binder has provided copies of a February 14, 2005, letter to him from the clerk of the TXCCA, and an envelope addressed to him from the TXCCA post-marked February 15, 2005. The letter involved the return to Binder of documents that he had sent to the TXCCA. Binder claims that this letter is the mailing he received at his institution of confinement on February 22, 2005, and that he never received the "white card" by which the TXCCA routinely issues notice of the disposition of an application for writ of habeas corpus. Thus, Binder claims he did not learn of the February 16, 2005, denial of this state application until the TXCCA responded to an inquiry from him in August, 2005.

Even assuming that Binder's submission of the February 14, 2005, letter and accompanying envelope from the TXCCA refutes the

---

[7]*See Nelms v. Johnson,* No.01-10696, 2002 WL 31319277 at *1 (5th Cir. 2002)("[T]his court has found no case in which equitable tolling was granted after a petitioner had let tem months of the AEDPA limitations period slip by")(unpublished-copy attached).

4

magistrate judge's presumption that he received notice of the denial of his state writ application in February 2005, Binder still has not shown that he was prevented in an extraordinary way from timely asserting his rights in federal court. As noted above, he had already waited ten months from when he was aware of the disposition of his direct appeal. It was his obligation to stay informed of the status of the state habeas proceedings. Attached to Binder's written objections is a copy of the February 7, 2005, letter Binder allegedly sent to the TXCCA, which initiated their response discussed above. Thus, Binder knew by that date (if not before) that the TXCCA was in receipt of his application and all papers from the Criminal District Court Number One of Tarrant County, Texas. That trial court, on January 21, 2005, had adopted the State's findings of fact and conclusions of law and recommended denial of the writ application. *Ex parte binder,* No. 61,223-01 at 168. For Binder to wait almost six months before he inquired about the status of his application at the TXCCA, does not show diligence requisite to his being entitled to equitable tolling.

Therefore, Binder is not entitled to equitable tolling and his objections are overruled.

The findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Willie Ray Binder's petition for writ of habeas corpus is hereby DISMISSED WITH PREJUDICE.

SIGNED April <u>24</u>, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE